IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH AMBROSE, DC, et al.,

    Plaintiffs,

vs.

GARY COFFEY, et al.,

    Defendants.

No. CIV S-08-1664 LKK GGH

[Consolidated with 2:09CV1477 LKK GGH; 2:09CV2062 LKK GGH; 2:09CV2640 LKK GGH]

ORDER

AND CONSOLIDATED ACTIONS    /

Previously pending on this court's law and motion calendar for March 3, 2011, was defendants' motion to compel deposition testimony of defendant Reynolds and various non-parties, including San Joaquin County District Attorney's office employees and Department of Insurance employees. Robert Rodriguez represented plaintiffs. Defendants Reynolds and Traveler's Insurance were represented by Richard Garcia. Dana Suntag appeared on behalf of

\\\\\

\\\\\

1

1  non-party County of San Joaquin ("County").[1]  Steven Green represented non-party California
2  Department of Insurance ("DOI").  After reviewing the pertinent papers and hearing oral
3  argument, the court now issues the following order.
4  BACKGROUND
5           Plaintiffs are chiropractors who have filed a complaint under 42 U.S.C. § 1983 for
6  violation of their civil rights based on defendants Traveler's Insurance and others' alleged
7  conspiracy with the San Joaquin District Attorney's Office ("DA") to bring false criminal
8  charges against them for using an allegedly legal medical procedure called manipulation under
9  anesthesia (MUA).  Claims set forth in the second amended complaint of plaintiff Ambrose and
10 others are for violation of civil rights under 42 U.S.C. § 1983, and for malicious prosecution
11 under state law.  The second amended complaint in the related cases contain both state and
12 federal law claims.  (Dkt. #s 110, 111.)
13 DISCUSSION
14           Defendants seek to take depositions of defendant William Reynolds and non-
15 parties employees of the D.A.'s office and the California Department of Insurance (DOI)
16 regarding the criminal investigation of the worker's compensation fraud charges against
17 plaintiffs, which investigation has been closed.[2]  They seek an order covering both depositions
18 and other discovery which may occur in this case.  Plaintiffs do not object to defendants' wish to
19 take depositions.  Non-parties D.A. and DOI have filed responses to the motion, outlining their
20 concerns based on Cal. Ins. Code §§ 18774. and 1873.1, which they argue may preclude such
21 discovery.
22           At issue is applicability of the California Insurance Code which provides that any
23 information acquired under this article may not be part of any public record, and anyone releasing

---

[1] County of San Joaquin is a former defendant, as are Gary Coffey, Zenith Insurance Company, and James Weydert.

[2] The parties represent, and no one disputes, that the investigation is no longer ongoing.

2

such information to anyone not authorized to receive it will be guilty of a misdemeanor. Cal. Ins. Code § 1877.4(a). Subdivision (b) provides that any such evidence is privileged and not subject to subpoena unless reasonable notice is given to any entity which has an interest in the information. There must also be a hearing where a court decides that the public interest and any ongoing investigation will not be jeopardized by disclosure of the information or by compliance with a subpoena.

The District Attorney's Office and DOI have apparently already produced documents to defendants which may be covered by this code, and which they argue should remain protected. Also at issue are upcoming depositions of employees of these two agencies, (in addition to the deposition of defendant Reynolds), wherein questioning implicating this code section may occur.

California Insurance Code 1877.4 provides:

> (a) Any information acquired pursuant to this article shall not be a part of the public record. Except as otherwise provided by law, any authorized governmental agency, an insurer, or an agent authorized to act on its behalf, which receives any information furnished pursuant to this article shall not release that information to any person not authorized to receive the information under this article. Any person who violates the prohibition of this subdivision is guilty of a misdemeanor.
>
> (b) The evidence or information described in this section shall be privileged and shall not be subject to subpoena or subpoena duces tecum in a civil or criminal proceeding, unless, after reasonable notice to any insurer, an agent authorized by an insurer to act on its behalf, licensed rating organization, or authorized governmental agency which has an interest in the information, and a hearing, the court determines that the public interest and any ongoing investigation by the authorized governmental agency, insurer, or an agent authorized by the insurer to act on its behalf, or licensed rating organization will not be jeopardized by its disclosure, or by the issuance of and compliance with a subpoena or subpoena duces tecum.

Similarly, Cal Ins. Code 1873.1 provides:

> Any information acquired pursuant to this article shall not be a part of any public record. Except as otherwise provided by law, any authorized governmental agency, an insurer, or an agent authorized by an insurer to act on its behalf, which receives any information furnished pursuant to this article, shall not release that information to public inspection until the time that its release is required in

3

connection with a criminal or civil proceeding.

The instant discovery motion therefore has more complexity than first meets the eye. This is not the run of the mill discovery issue where state privilege law may differ from federal privilege law. In such cases, federal law will provide the pertinent rule, but the extent to which state law will instruct on the issue remains of some doubt. See the two opinions in Dagdagan v. City of Vallejo, 263 F.R.D. 632 (E.D. Cal. 2010). Nor does this case even involve the situation where state law may prohibit a state governmental agency from disclosing information, but does not affect the disclosure of that same information by private parties. See National Union Fire Ins. Co. Etc. v. Midland Bancor, Inc, 59 F.R.D. 562 (D. Kan. 1994). Rather, this case involves the requested disclosure of information in federal discovery *directed to pertinent state and local agencies* of information state law would other wise preclude.

But for two facts, it would appear that a preemption analysis is appropriate. Even foreign law discovery preclusion requires great deference when the preclusion is at issue in federal litigation. See Richmark Corp. v. Timber Falling Consultants , 959 F.2d 1468, 1474-76 (9th Cir. 1992) discussing Societe Nationale etc. v. United States District Court, 482 U.S. 522, 107 S. Ct. 2542 (1987). One could logically assume that the law of our state sovereigns would obtain at least that measure of deference.

However, the state agencies do not object to disclosing the information, they only want to be protected from the sanctions of § 1877.4, since they do not have the authority to "waive" the provisions of the statute. In addition, as all parties noted, the statute has a court order escape clause which would appear to be applicable here.[3] Therefore, the undersigned will not embark upon an analysis of the difficult preemption issues here, but will simply issue the order.

---

[3] Technically, not all affected parties may have been given notice that some of their information will be disclosed; however, some of the entities involved had such notice of this discovery hearing and the undersigned is giving such notice in this order to the remainder.

In order to protect the state and local agency responders, the undersigned finds that there is no longer an ongoing investigation, and there is a strong public interest in disclosure of the information. In addition, the information is necessarily disclosed in this civil proceeding. Therefore, a court order is issued authorizing the disclosure.[4][5]

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery, filed February 10, 2011 (dkt. #136), is granted.

2. The parties may obtain discovery regarding the underlying criminal case and workers' compensation fraud investigation, in view of the court order provision of Cal. Ins. Code § 1877.4. This order shall apply to parties and non-party witnesses who are issued subpoenas in connection with this litigation. This order also applies to documents and information previously produced by the County in this case.

3. Defendants shall serve all witnesses to be deposed in this case with a copy of this order.

4. The Clerk of the Court shall serve this order on all entities listed by the County of San Joaquin in its filing of March 10, 2011 (dkt. # 146.)

Dated: 03/14/11

/s/ Gregory G. Hollows
────────────────────────
U.S. MAGISTRATE JUDGE

GGH:076/Ambrose1664.dsy.wpd

---

[4] The undersigned, of course, is not authorized here to grant immunity from state prosecution to the state and local agency personnel. However, given that an order has issued in substantial compliance with the statute, no such criminal prosecution is forseeable.

[5] The parties should stipulate to a protective order which could contain appropriate sealing provisions for documents which the parties believe are sensitive and should not appear to be publically released on this court's docket.