UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH AMBROSE, D.C.,

                        NO. CIV. S-08-1664 LKK/GGH

    Plaintiff,

  v.

                        O R D E R

GARY COFFEY, et al.,

    Defendants.

_____/

    Plaintiffs Ambrose, Yates, Sausedo, Vaezi, and Origel–all licensed chiropractors--bring suits arising out of an investigation of them, their arrests, and their criminal prosecutions. See Ambrose Second Amended Complaint, ECF No. 110 ("ASAC"), ¶ 3; Origel Second Amended Complaint, ECF No. 111 ("OSAC"), ¶ 3.

    Now before the court are Defendants Travelers' and Reynold's motion for summary judgment, or partial summary judgment, as to Plaintiff Wilmer Origel, see Defs' Mot., ECF No. 155, as well as Defendants' motion for summary judgment, or partial summary judgment, as to Plaintiffs Ambrose, Yates, Sausedo, and Vaezi, see Defs' Mot., ECF No. 157.

# I. BACKGROUND[1]

Plaintiffs in this case assert that they performed a chiropractic procedure called Manipulation Under Anesthesia ("MUA"), believing that MUAs were within the scope of their chiropractic practice. Ambrose Second Amended Complaint, ECF No. 110 ("ASAC"), ¶ 33; Origel Second Amended Complaint, ECF No. 111 ("OSAC"), ¶ 57.  They allege that, in violation of their federal due process rights and their rights against malicious prosecution under state law, Defendants (Travelers, an insurance provider, and its employee, Reynolds) requested and participated in criminal actions against Plaintiffs in order to prevent future claims, and to avoid paying outstanding claims, for the performance of MUAs, ASAC ¶ 12; OSAC ¶¶ 26-36, 58.

None of the parties in this case dispute that, prior to the filing of criminal charges against Plaintiffs Ambrose, Yates, Sausedo, and Vaezi, and prior to the filing of criminal charges against Origel relating to the performance of MUAs, the DA's Office (including Gary Coffey, a criminal investigator) was aware that the California Board of Chiropractic Examiners ("BCE") had signed a "Final Statement of Reasons" recognizing the propriety of the

---

[1] For a detailed summary of the procedural history in this case and the factual allegations contained in Plaintiffs' Second Amended Complaints, see this court's July 23, 2010 order ruling on Defendants' motions to dismiss. Order, ECF No. 126, 1-13. Since the issuance of that order, following a stipulation by the parties, the court ordered that Defendants Weydert, Coffey, and the County of San Joaquin be dismissed with prejudice. Stipulation & Order, ECF No. 132 (Aug. 27, 2010). Thus, the only remaining defendants in this action are Reynolds and Travelers.

practice of MUAs on October 21, 2004.  Defs' Reply Opp'n Origel ("DRO"), ¶ 65; Defs' Reply Opp'n Ambrose, et al. ("DRA"), ¶ 68.

None of the parties in this case dispute that, prior to filing criminal charges against Plaintiffs Ambrose, Yates, Sausedo, and Vaezi, and prior to filing criminal charges against Origel relating to the performance of MUAs, the DA's Office (including Coffey) was aware that the BCE had approved continuing education classes on MUAs.  DRO ¶ 66; DRA ¶ 69.

In January 2005, DDA Weydert filed a criminal complaint against Origel charging him with twenty-nine counts of criminal conduct, including the illegal formation of a medical corporation, grand theft, workers compensation fraud, and insurance fraud.  DRO ¶ 67.  None of the charges in the criminal complaint against Origel were related to the performance of MUAs.  DRO ¶ 68.

On or about August 23, 2005, DDA Weydert filed a criminal complaint against Yates and Ambrose charging them with six counts of criminal conduct, including the uncertified practice of medicine for performing MUAs, insurance fraud, conspiracy, and grand theft.  DRA ¶ 73.[2]  On or about August 23, 2005, DDA Weydert filed a criminal complaint against Sausedo and Vaezi charging them with three counts of criminal conduct, including the uncertified practice of medicine for performing MUAs and insurance fraud.  DRA

---

[2] According to Plaintiffs' Second Amended Complaint, the criminal charges against Ambrose were dismissed after a hearing on his motion to dismiss on August 15, 2006.  ASAC, ECF No. 110, ¶ 23.

¶ 79.[3]

In March 2006, an amended complaint was filed by the DA's Office against Origel which included, for the first time, a count of violation of Business & Professions Code § 2052--uncertified practice of medicine--relating to the performance of MUAs. DRO ¶ 73.

In May/June 2006, the criminal case against Origel proceeded to a preliminary hearing in front of Judge Garrigan of the San Joaquin County Superior Court. DRO ¶ 77; DRA ¶ 88. In June 2006, Origel submitted a brief in the criminal case arguing that he did not have fair warning that the performance of MUAs was illegal. DRO ¶ 80; DRA ¶ 89. During oral argument at the conclusion of the preliminary hearing, Origel's attorney argued the fair warning issue. DRO ¶ 81; DRA ¶ 90. Despite those arguments regarding the alleged lack of fair warning, in June 2006, at the conclusion of the preliminary hearing, Judge Garrigan found the evidence sufficient to hold Origel to answer on fifteen counts, including the charge relating to the performance of MUAs. DRO ¶ 82; DRA ¶ 91.

In March 2007, Origel filed a motion pursuant to California Penal Code § 995 to set aside the order holding him to answer following the preliminary hearing, and arguing that his federal due process rights were being violated because he was being prosecuted

---

[3] According to Plaintiffs' Second Amended Complaint, the criminal charges against Sausedo and Vaezi were dismissed on March 11, 2008, on the grounds of insufficient evidence and in the interests of justice. ASAC, ECF No. 110, ¶ 23.

4

for performing MUAs when "no statute, case law or regulation []
states that MUAs are outside the scope of practice." DRO ¶ 83; DRA
¶ 92. The DA's Office filed an opposition to the motion, DRO ¶ 84,
and Origel filed a reply, DRA ¶ 93. The motion was heard and
denied in June 2007 by a different judge from the one who held
Origel to answer at the preliminary hearing. DRO ¶ 85; DRA ¶ 94.

In June 2007, the criminal case against Yates proceeded to a
preliminary hearing in front of Judge Garrigan of the San Joaquin
County Superior Court. DRA ¶ 84. Reynolds did not testify as a
witness for the prosecution at the preliminary hearing, which was
conducted by DDA Sudha Rajender. DRA ¶ 85. At the conclusion of
the preliminary hearing, Yate's defense attorney argued that the
court should not hold Yates to answer as to the uncertified
practice of medicine charge because the laws were too vague for the
Court to find that MUAs were outside the scope of practice for a
chiropractor. DRA ¶ 86. The state court held Yates to answer,
including on the MUA charge. DRA ¶ 87.[4]

The criminal case against Origel proceeded to trial in 2008.
After the prosecution presented its case-in-chief, Origel made a
motion to dismiss the case pursuant to California Penal Code §
1118.1. The state court denied the motion. DRO ¶ 87.[5]

---

[4] According to Plaintiffs' Second Amended Complaint, the criminal charges against Yates were dismissed in the interests of justice. ASAC, ECF No. 110, ¶ 23.

[5] According to Plaintiff Origel's Second Amended Complaint, all charges against Origel were dismissed in the interests of justice on November 20, 2008. OSAC, ECF No. 111, ¶ 44. In this court's December 24, 2009 order ruling on Defendants' motions to

5

**B.  Plaintiffs' Remaining Causes of Action**

Following the court's July 23, 2010 order ruling on Defendants' motions to dismiss and the stipulation and order dismissing Defendants Weydert, Coffey, and the County of San Joaquin, Plaintiffs' only remaining causes of action are against Reynolds and Travelers for "malicious prosecution resulting in violation of due process for lack of fair warning," ASAC, ECF No. 110, ¶¶ 34-39 (First Cause of Action); OSAC, ECF No. 111, ¶¶ 60-66, and "common law malicious prosecution," ASAC ¶¶ 61-67 (Fourth Cause of Action); OSAC ¶¶ 90-96.

In the court's July 23, 2010 order, in regards to Plaintiffs' first cause of action against Reynolds and Travelers for "malicious prosecution resulting in violation of due process for lack of fair warning," this court observed:

> [P]laintiffs nowhere alleged facts that directly support a conclusion that the prosecutions were initiated for the purpose of depriving plaintiffs of their right to a fair warning, but rather have alleged their purpose to be to prevent plaintiffs from billing Travelers for the performance of MUAs. Plaintiffs did not write this cause of action as the court instructed in its prior order. Specifically, the court instructed plaintiffs to plead a claim under Section 1983 for violation of their due process rights because defendants initiated a prosecution against them knowing that they lacked fair warning that their conduct was unlawful.  This theory of liability was not directly premised upon malicious prosecution.  The malicious prosecution theory they alleged is flawed because there are no allegations that the prosecutions were brought for the purpose of

---

dismiss, the court noted that "At oral argument, defendants informed the court that Origel was tried and that the trial resulted in a hung jury."  Order, ECF No. 64, 7 fn. 1.

> depriving them of a constitutional right, as required to state a claim for malicious prosecution under Section 1983. Awabdy [v. City of Adelanto], 368 F.3d [1062,] 1066 [(9th Cir. 2004)]. The court considered dismissal with leave to amend so as to premise plaintiff's fair warning claim as a violation of due process, and not a malicious prosecution claim. This case, however, has languished at the pleading stage, despite the fact that the parties all know what the case [is] about. Under the circumstances, dismissal and repleading appears to be no more than honoring form over substance, and the court declines to require future pleadings. That determination is especially appropriate in light of the fact that, if there is a pretrial conference in the case, the order emerging therefrom will supersede the pleadings.[6]

Order, ECF No. 126, 26-27.

Nonetheless, the court construes Plaintiff's first cause of action as a claim under Section 1983 for violation of their due process rights because Defendants initiated a prosecution against them knowing that they lacked fair warning that their conduct was unlawful.

**II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Ricci v. DeStefano, 557 U.S. ___, 129 S. Ct. 2658, 2677 (2009) (it is the movant's burden "to demonstrate that there is 'no genuine issue as to any material fact' and that they are 'entitled to judgment as a matter of law'"); Walls v. Central Contra Costa

---

[6] This portion of the order reflecting the court's impatience was clearly in error.

1  Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011) (same).

2  Consequently, "[s]ummary judgment must be denied" if the court
3  "determines that a 'genuine dispute as to [a] material fact'
4  precludes immediate entry of judgment as a matter of law." Ortiz
5  v. Jordan, 562 U.S. ___, 131 S. Ct. 884, 891 (2011), quoting Fed.
6  R. Civ. P. 56(a); Comite de Jornaleros de Redondo Beach v. City of
7  Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (same).

9  Under summary judgment practice, the moving party bears the
10 initial responsibility of informing the district court of the basis
11 for its motion, and "citing to particular parts of the materials
12 in the record," Fed. R. Civ. P. 56(c)(1)(A), that show "that a fact
13 cannot be ... disputed." Fed. R. Civ. P. 56(c)(1); In re Oracle
14 Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010)
15 ("The moving party initially bears the burden of proving the
16 absence of a genuine issue of material fact"), citing Celotex v.
17 Catrett, 477 U.S. 317, 323 (1986).

18 If the moving party meets its initial responsibility, the
19 burden then shifts to the non-moving party to establish the
20 existence of a genuine issue of material fact. Matsushita Elec.
21 Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986);
22 Oracle Corp., 627 F.3d at 387 (where the moving party meets its
23 burden, "the burden then shifts to the non-moving party to
24 designate specific facts demonstrating the existence of genuine
25 issues for trial"). In doing so, the non-moving party may not rely
26 upon the denials of its pleadings, but must tender evidence of

specific facts in the form of affidavits and/or other admissible materials in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1)(A).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls, 65.3 F.3d at 966. Because the court only considers inferences "supported by the evidence," it is the non-moving party's obligation to produce a factual predicate as a basis for such inferences. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

## IV. ANALYSIS

**A. PLAINTIFFS' SECTION 1983 FAIR WARNING CLAIM**

**1. Collateral Estoppel**

Collateral estoppel bars a party from relitigating an issue identical to one he has previously litigated to a determination on its merits in another action. Ross v. Int'l Bhd. of Elec. Workers, 634 F.2d 453, 457 n. 6 (9th Cir. 1980). Assuming a full and fair opportunity to litigate, Kremer v. Chem. Constr. Corp., 456 U.S. 461, 480-81, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), federal courts must accord preclusive effect to state court judgments. 28 U.S.C.

9

1 § 1738.  The Supreme Court has held that state criminal proceedings
2 may have collateral estoppel effect and that collateral estoppel
3 applies to actions under 42 U.S.C. § 1983.  <u>Allen v. McCurry</u>, 449
4 U.S. 90, 104, 101 S.Ct. 411, 419-20, 66 L.Ed.2d 308 (1980).  State
5 law determines the preclusive effect of previous state proceedings.
6 <u>Migra v. Warren City School Dist. Board</u>, 465 U.S. 75, 81, 104 S.Ct.
7 892, 79 L.Ed.2d 56 (1984); <u>Valley Wood Preserving, Inc. v. Paul</u>,
8 785 F.2d 751, 753 (9th Cir. 1986).

9 Issue preclusion (collateral estoppel) prevents relitigation
10 of all "issues of fact or law that were actually litigated and
11 necessarily decided" in a prior proceeding.  <u>Robi v. Five Platters,</u>
12 <u>Inc.</u>, 838 F.2d 318, 322 (quoting <u>Segal v. Am. Tel. & Tel. Co.</u>, 606
13 F.2d 842, 845 (9th Cir. 1979)).  The issue must have been "actually
14 decided" afer a "full and fair opportunity" for litigation.  <u>Five</u>
15 <u>Platters</u>, 838 F.2d at 322.  Under the doctrine of "offensive"
16 collateral estoppel, a litigant who was not a party to the prior
17 case may assert collateral estoppel in the later case against the
18 party who lost on the decided issue in the first case.  <u>Parklane</u>
19 <u>Hosiery Co. v. Shore</u>, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552
20 (1979).  The party against whom collateral estoppel is to be
21 asserted must have had a "full and fair opportunity" to litigate
22 the issue in the earlier case.  <u>Montana v. United States</u>, 440 U.S.
23 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); <u>Allen</u>, 449 U.S. at 101,
24 101 S.Ct. 411.

25 Under California law, an issue is precluded if (1) the issue
26 sought to be precluded from relitigation was identical to that

1  decided in a former proceeding; (2) that issue must have been
2  actually litigated in the former proceeding; (3) that issue must
3  have been necessarily decided in the former proceeding; (4) the
4  decision in the former proceeding must be final and on the merits;
5  and (5) the party against whom preclusion is sought must be the
6  same as, or in privity with, the party to the former proceeding.
7  Hernandez v. City of Pomona, 46 Cal. 4th 501, 511, 207 P.3d 506
8  (Cal. 2009).

9      The court concludes that plaintiff Origel's contention that
10 his due process rights were violated due to a lack of fair warning
11 is not precluded as a matter of state law.  The undisputed facts
12 in this case establish that Origel's claimed violation of due
13 process for lack of fair warning was identical to that decided at
14 the conclusion of his preliminary hearing in June 2006, and in
15 response to his motion filed pursuant to California Penal Code §
16 995 in June 2007; that identical issue was actually litigated
17 insofar as it was argued by Origel's attorney at the conclusion of
18 Origel's preliminary hearing, and in Origel's § 995 motion; and the
19 issue was necessarily decided.  That is, once Origel's arguments
20 related to his lack of fair warning were made, Origel could not
21 have been held to answer on the charge relating to the performance
22 of MUAs without an adverse determination of his fair warning
23 arguments.  Furthermore, Origel is the same party who made those
24 arguments in his criminal case and in the case before this court.
25 However, Origel correctly points out that the court's decision in
26 denying his § 995 motion was not final and on the merits.  Origel

would have had the right for further review of the denial of his § 995 motion on appeal from a judgment of conviction, People v. Taylor, 250 Cal. App. 2d 367 (1967), but the charges against Origel were dismissed after the trial against him resulted in a hung jury, rendering review of the denial of his § 995 motion moot. Because Origel could have raised the fair warning issue again on appeal, but had no need or opportunity to do so, the state court's denial of his § 995 motion was not "sufficiently conclusive of the issue to preclude its relitigation." Cf. Haupt v. Dillard, 17 F.3d 285, 288-89 (9th Cir. 1994) (finding that a "probable cause determination, once made and *affirmed via denial of habeas corpus*, could not be further litigated . . . again at trial or on appeal from a verdict" and was therefore "sufficiently conclusive of the issue to preclude its relitigation") (emphasis added).

Similarly, counsel for Yates argued the lack fair warning issue at Yates's preliminary hearing and the state court nevertheless held Yates to answer on the MUA charge. However, Yates's argument that his due process rights were violated due to a lack of fair warning is not precluded as a matter of law because the criminal charges against Yates were dismissed before entry of judgment against Yates, rendering the state court's denial of Yates's due process arguments insufficiently conclusive to preclude their relitigation.

Because the denial of Origel's § 995 motion and Yate's argument at his preliminary hearing were not "final and on the merits," Defendants cannot assert collateral estoppel on this claim

as a sword against the remaining Plaintiffs.

Thus, Plaintiffs are not barred by collateral estoppel from bringing a claim under Section 1983 for violation of their due process rights because Defendants initiated a prosecution against them knowing that Plaintiffs lacked fair warning that their conduct was unlawful.

**2. Procedural Due Process Claim**

As stated above, the court has construed Plaintiffs' claims, based on their facts alleged, to constitute a claim under Section 1983 for violation of their due process rights because Defendants initiated a prosecution against them knowing that they lacked fair warning. See Order, ECF No. 126, 26-27.

The principal behind the fair warning rule, rooted in the constitutional prohibition of ex post facto laws, is that no one "shall be held responsible for conduct which he could not reasonable understand to be proscribed." U.S. v. Lanier, 520 U.S. 259, 265 (1997) (quoting Bouie v. City of Columbia, 378 U.S. 347, 351 (1964)); see also U.S. CONST. art. I., § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed."); U.S. CONST. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . ex post facto Law."). This court has suggested in a previous order that this claim is most appropriately characterized as a procedural due process claim. Order, ECF No. 64, at 21.

To state a procedural due process claim, Plaintiffs must allege (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government;

13

and (3) a lack of process. <u>Wright v. Riveland</u>, 219 F.3d 905, 913 (9th Cir. 2000) (internal citations omitted).

Defendants argue that, in Plaintiffs' briefs in opposition, Plaintiffs failed to address Defendants' arguments that Defendants' motions for summary judgment should be granted as to Plaintiffs' procedural due process claims. However, Plaintiffs have argued that the "evidence establishes a deprivation of Plaintiffs' rights," <u>see</u> Defs' Mot., at xi-xii, and Plaintiffs proceed to argue that they have shown sufficient evidence to support their Section 1983 claim, <u>id.</u> However, Plaintiffs do not make an argument that there was a lack of process in the proceedings below.

Defendants have met their burden of citing evidence in the record to show that no genuine dispute exists as to a procedural due process claim. Defendants have cited materials in the record to show that Plaintiffs will not be able to establish a "lack of process" because Plaintiffs were, in fact, given an opportunity to be heard in state court, and specifically on their fair warning arguments, in their underlying criminal cases. The mere fact that the defendants' argument was erroneously denied does not establish a lack of process.

Plaintiffs have not specifically addressed Defendants' arguments in their briefs in opposition, and therefore, have failed to designate specific facts in the record demonstrating the existence of genuine issues for trial. At oral argument on this motion, Plaintiffs similarly failed to point to evidence in the record indicating that there was a lack of process provided in the

14

state court proceedings. Thus, Defendants' motions for summary judgment are granted as to Plaintiffs' Section 1983 procedural due process claims.

### 3. Substantive Due Process Claim

At oral argument on this motion, Plaintiffs' counsel indicated that they had felt somewhat constrained by this court's prior order suggesting that Plaintiffs claims were most appropriately pled under a theory of procedural due process, as opposed to a theory of substantive due process. Plaintiffs indicated that they may have a substantive due process claim. Thus, Plaintiffs are directed to file a brief within fourteen (14) days of the issuance of this order, in which Plaintiffs designate specific facts that demonstrate the existence of genuine issues for trial as to their substantive due process claim. Defendants are given fourteen (14) days, after Plaintiffs have filed their briefs, to respond.

## B. PLAINTIFFS' MALICIOUS PROSECUTION CLAIM UNDER CALIFORNIA LAW

### 1. Collateral Estoppel

Defendants' motions for summary judgment only addresses the issue of collateral estoppel as to Plaintiffs' state law malicious prosecution claims in one sentence in the introductions to their briefs. Def's Mot., ECF No. 155, at 2 ("The state law malicious prosecution claim fails for the same reasons"); Defs' Mot., ECF No. 157, at 2 ("The state law malicious prosecution claim fails for the same reasons"). Defendants do not discuss this argument in their body of their motions.

However, in their replies to Plaintiffs' filed oppositions,

1  Defendants argue that Plaintiffs "fail to address the argument that
2  the state law malicious prosecution claim fails because [Plaintiffs
3  were] held to answer at the preliminary hearing which prevents
4  relitigation of the probable cause element of the claim."  Defs'
5  Reply, ECF No. 180, at 12; Defs' Reply, ECF No. 177, at 15.  Thus,
6  Defendants have essentially raised a new basis for their motions
7  for summary judgment in their replies.  Plaintiffs are therefore
8  given fourteen (14) days from the issuance of this order, to submit
9  a brief responding to Defendants' collateral estoppel arguments as
10 to Plaintiffs malicious prosecution claims under state law.
11 Defendants are given fourteen (14) days, after Plaintiffs have
12 filed their briefs, to respond.

### IV. CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

[1] Defendants' motions for summary judgment as to all Plaintiffs are GRANTED as to all Plaintiffs' Section 1983 procedural due process claims.

[2] Plaintiffs SHALL file a brief within fourteen (14) days of the issuance of this order, in which Plaintiffs address why their Section 1983 substantive due process claims should survive Defendants' motions for summary judgment.  Defendants are given fourteen (14) days, after Plaintiffs have filed their briefs, to respond.

[3] Plaintiffs are given fourteen (14) days from the issuance of this order, to submit a brief responding

1          to Defendants' collateral estoppel arguments as to
2          Plaintiffs malicious prosecution claims under state
3          law.  Defendants are given fourteen (14) days, after
4          Plaintiffs have filed their briefs, to respond.
5     IT IS SO ORDERED.
6     DATED:  December 13, 2011.

                            _____
                            LAWRENCE K. KARLTON
                            SENIOR JUDGE
                            UNITED STATES DISTRICT COURT

17